In the Matter of ELMER C. HUGHES, Appellant, *v.* JOSEPH H. MURPHY et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, May 6, 1964.

*Carroll, Williams, Rulison, Conan & Ryan (Daniel C. Williams* of counsel), for appellant.

*Louis J. Lefkowitz,* Attorney-General *(Paxton Blair* and *Edwin R. Oberwager* of counsel), for respondents.

REYNOLDS, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which sustained an assessment against petitioner for unincorporated business taxes for the years 1953, 1956 and 1957. The sole question presented is whether petitioner is entitled to exemption from taxes imposed under article 16-A of

the Tax Law on the ground that he is practicing a profession. Petitioner designated his occupation on his tax returns as " Industrial Consultant " and " Engineering Consulting Service " and here states that he is an " Industrial Engineer ". As such he claims he is engaged in the practice of a profession within the intent and meaning of section 386 of the Tax Law. In support of his contention he asserts that certain colleges and universities offer courses and degrees in such field of endeavor. This court has answered this contention in *People ex rel. Herman* v. *Murphy* (14 A D 2d 473, mot. for lv. to app. den. 11 N Y 2d 642) where we stated: " While these factors may give some added prestige to the type of work, we have previously determined that the educational training and background and the type of work performed in and of itself did not mandate the Tax Department to find that the individuals so engaged were practicing a ' profession '." A long line of cases have consistently held that the exemption clause does not apply to those " who undertake to advise management as to its business or industrial affairs ". (*Matter of McCormick* v. *Bragalini,* 8 A D 2d 885, 886; see, also, *Matter of Sheahan* v. *Murphy,* 12 A D 2d 713; *Matter of White* v. *Murphy,* 11 A D 2d 854, affd. 9 N Y 2d 995; *Matter of Kormes* v. *Murphy,* 9 A D 2d 1003, mot. for lv. to app. den. 8 N Y 2d 706.) Petitioner asserts that " industrial engineering " is not the mere giving of advice to management " as to its business or industrial affairs " and thus the above-cited cases are inapposite as to him. He states that not only is there a difference in academic background for the " industrial engineer " but that the " industrial engineer " is required to use scientific and engineering methods, not common in ordinary business advice. But as this court pointed out in *Matter of Sundberg* v. *Bragalini* (7 A D 2d 15, 19, mot. for lv. to app. den. 6 N Y 2d 705): " The advantageous utilization of professional knowledge in a business does not, of course, necessarily constitute the practice of the profession." In the final analysis we do not perceive any factors in this case of sufficient importance to distinguish it from those cases cited above denying exemption.

The determination should be confirmed.

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur.

Determination confirmed, with $50 costs.